XIN LAN ZHENG, Petitioner

v.

ATTORNEY GENERAL OF
the UNITED STATES,
Respondent.

No. 07–3557.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
LAR 34.1(a) June 24, 2009.

Filed: July 7, 2009.

Grace V. Calle, Esq., Calle & Lee, New York, NY, for Petitioner.

Sharon M. Clay, Esq., United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: SCIRICA, Chief Judge, CHAGARES and ALDISERT, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

Petitioner Xin Lan Zheng seeks review of a final decision by the Board of Immigration Appeals ("BIA") entered on July 30, 2007, affirming the decision of the Immigration Judge ("IJ") to deny Zheng's application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). For the reasons that follow, we will grant the petition for review.

## I. *Background*

Zheng, a native and citizen of China, was detained in January 2005 after arriving in this country without a valid entry document. Zheng filed an application for asylum, withholding of removal, and relief under the CAT. She claimed that she suffered past persecution and feared future persecution and torture at the hands of Chinese authorities on account of her practice of Falun Gong.

At the hearing before the IJ, Zheng testified that she owned a clothing store in Fuzhou City, Fujian Province. She became depressed after a failed engagement, and a customer, Li Chiurong, suggested that she try Falun Gong. Zheng began to regularly engage in Falun Gong exercises. In November 2004, after receiving a tip from Zheng's neighbor, the police came to arrest her for practicing Falun Gong. Although Zheng was not home, her mother was present and was questioned as to Zheng's whereabouts. Fearing arrest, Zheng hid at her uncle's house for a few weeks and then fled China.

Zheng's cousin testified that Zheng engaged in Falun Gong practices since her arrival in the United States. Zheng also introduced letters from her mother, uncle, and Li Chiurong to corroborate her claims. In particular, Zheng's mother's letter stated that, after Zheng went into hiding, authorities accused her of providing assistance to her daughter. The mother was warned that the government intended to arrest her instead, and "[i]n order to save myself, I had no choice but to become homeless and hide...." A.R. 170. Zheng also presented a substantial quantity of objective evidence concerning China's persecution and torture of Falun Gong practitioners, including a 2004 U.N. Report on China's Persecution of Falun Gong, A.R. 200–23, a collection of excerpts from the 2003–04 annual reports of the U.N. Human Rights Commission, A.R. 224–322, and a 2005 Country Report on Human Rights Practices, A.R. 323–86.

The IJ stated that "Falun Gong clearly are persons who are persecuted at the present time in China and have been since 1999." However, the IJ denied relief because he found Zheng incredible concerning her commitment to Falun Gong. Specifically, he found that, based upon inconsistencies in her testimony, "I have serious problems as to whether or not she ever was a Falun Gong practitioner...." A.R. 47. He similarly doubted her claim of future persecution because "she is not a very truthful person, a person who I don't think is going back [to] practise [Falun Gong]...." A.R. 49.

On appeal, the BIA reversed the adverse credibility determination. The BIA concluded that Zheng adequately explained the discrepancies underlying the IJ's decision, and held that "we cannot affirm this determination." A.R. 2. Nevertheless, the BIA found that Zheng, even if credible, "failed to persuasively establish that any harm she suffered while in China was on account of a protected ground or that it was of such severity as to rise to the level necessary for a finding of persecution and trigger the presumption with regard to a well-founded fear of persecution in the future." A.R. 3. The BIA concluded that, without such a presumption and "in light of the evidence of record," Zheng failed to present convincing evidence of a well-founded fear of future persecution on account of her Falun Gong practice. The BIA therefore dismissed her appeal.

Through counsel, Zheng filed a timely petition for review.

## II. *Analysis*

We will review legal conclusions de novo, *see Ezeagwuna v. Ashcroft*, 325 F.3d 396, 405 (3d Cir.2003), and we will uphold factual determinations if supported "by reasonable, substantial and probative evidence on the record considered as a whole." *Guo v. Ashcroft*, 386 F.3d 556, 561 (3d Cir.2004). On appeal, Zheng does not contest the BIA's conclusion that the past harm she suffered did not rise to the level of persecution. However, she argues that she provided substantial evidence to support her claim of a well-founded fear of future persecution on account of her Falun Gong practice.

The burden of proof to establish eligibility for asylum is on the applicant. *Abdille v. Ashcroft*, 242 F.3d 477, 482 (3d Cir. 2001). To establish a well-founded fear of future persecution, an applicant must show "both a subjectively genuine fear of persecution and an objectively reasonable possibility of persecution." *Zubeda v. Ashcroft*, 333 F.3d 463, 469 (3d Cir.2003). Determination of an objectively reasonable possibility requires ascertaining whether a reasonable person in those circumstances would fear persecution if returned to the country in question. *Id.* The substantial evidence standard applies to determinations of whether an alien has a well-founded fear of persecution. *See Abdille*, 242 F.3d at 483.

We have recognized that the practice of Falun Gong is a statutorily-protected ground for asylum purposes. *See Gao v. Ashcroft*, 299 F.3d 266, 267–68 (3d Cir. 2002), superseded on other grounds by statute as stated in *Kaita v. Att'y Gen.*, 522 F.3d 288, 295–97 (3d Cir.2008). Indeed, we have referred to China's efforts to eradicate Falun Gong as a "reign of terror." *Gao*, 299 F.3d at 268. Zheng testified that she practiced Falun Gong in China and continues to practice it today. The BIA expressly rejected the IJ's adverse credibility determination and neither party disputes this aspect of the BIA's decision; we therefore accept Zheng's credibility, including her commitment to Falun Gong.

The IJ expressly concluded that "Falun Gong clearly are persons who are persecuted at the present time in China," and essentially, but for its finding that she was not credibly committed to the practice of Falun Gong, apparently believed that she would "qualif[y] for asylum." A.R. 44. Nevertheless, in a single conclusory sentence, the BIA summarily rejected Zheng's claim of a well-founded fear of future persecution.

The BIA failed to discuss any aspect of the "evidence of record" providing the basis for its decision to reject Zheng's future persecution claim. Moreover, because the

IJ rested its decision on the adverse credibility determination without reaching the issue of the sufficiency of Zheng's evidence, the BIA cannot be said to have adopted the IJ's reasoning in reaching its determination.[1] *Cf., Dia v. Ashcroft*, 353 F.3d 228, 242–43 (3d Cir.2003) (BIA need not independently set forth the basis for its decision where, by summarily affirming the IJ's decision, it "presents for our review the reasoning and decision of the IJ"). Without more, we are simply unable to meaningfully review the BIA's conclusion. We cannot determine whether the BIA appropriately considered all of Zheng's evidence, or whether it reasonably rejected the evidence as not credible or not supportive of her future persecution claim. The BIA provided no basis for us to determine whether "reasonable, substantial and probative evidence" supports its decision. *See Guo*, 386 F.3d at 561.

"When deficiencies in the BIA's decision make it impossible for us to meaningfully review its decision, we must vacate that decision and remand so that the BIA can further explain its reasoning." *Kayembe v. Ashcroft*, 334 F.3d 231, 238 (3d Cir. 2003); *see also Gao*, 299 F.3d at 272–73 (noting that "the substantial evidence standard grants significant deference to the determination of the IJ," but concluding that the IJ's "fail[ure] to discuss and evaluate" certain evidence "warrant[ed] reversal and remand"); *Tipu v. INS*, 20 F.3d

580, 583 (3d Cir.1994) ("[A] decision of the BIA may be remanded if it fails adequately to consider the evidence in the record which favors an applicant."). We must therefore vacate the BIA's decision remand this matter to the BIA with instructions to consider Zheng's evidence in support of her claim of a well-founded fear of future persecution.

### III.  *Conclusion*

For the foregoing reasons, we will grant the petition for review.

---

1. The Government contends that the "alternative basis" for the IJ's decision was a determination that Zheng failed to establish a well-founded fear of future persecution. We disagree. The IJ rejected Zheng's future persecution claim based upon the conclusion that her testimony was not credible. *See* A.R. 49. The IJ's cited support for its adverse credibility determination was that Zheng's friend, Li Chiurong, did not testify to harm suffered on account of her own Falun Gong practice. However, Zheng explained that, unlike Li Chiurong, Zheng was turned in to authorities by her neighbor, who was a member of a government propaganda unit. Given the BIA's conclusion that Zheng "adequately explained the discrepancies which were identified as the basis for the adverse credibility determination," it is not clear that this aspect of the IJ's decision stands. In any event, the BIA did not discuss or adopt the IJ's finding concerning Li Chiurong's lack of harm, and even if it had, this single fact, without any additional discussion of Zheng's other evidence, does not alone provide substantial evidence upon which the BIA could rest its conclusion that Zheng's "evidence of record" was insufficient to sustain her burden of proof.